**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HANG LI, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>   v.<br><br>SPIRIT AEROSYSTEMS HOLDINGS, INC., TOM GENTILE III, and MARK J. SUCHINSKI,<br><br>       Defendants. | Case No. 1:23-cv-03722-PAE |

**MEMORANDUM OF LAW IN SUPPORT OF HANG LI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Hang Li ("Li") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing Li as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Li's selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").[1]

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities that purchased or otherwise acquired Spirit AeroSystems Holdings, Inc. ("Spirit" or the "Company") securities between April 8, 2020 and April 13, 2023, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

Li believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Li satisfies the relevant requirements of Rule 23 as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to

---

[1] With this motion Li submits a revised certification that includes purchases in two accounts that were inadvertently omitted from the certification Li filed with his initial complaint in this action. *See* Declaration of Gregory B. Linkh in Support of Hang Li's Motion for Appointment as Lead Plaintiff and Approval of Counsel ("Linkh Decl."), Ex. A.

the PSLRA's lead plaintiff provision, Li respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Li's selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND

Spirit is an equipment manufacturer that serves commercial airplanes, military platforms, and business/regional jets. The Company's core products include fuselages, integrated wings and wing components, pylons, and nacelles. Spirit's largest customer is Boeing Co. ("Boeing"). Spirit and Boeing have long-term supply agreements under which Spirit provides products for several Boeing aircraft, including the B737.

The complaint filed in this action alleges that throughout the Class Period the Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including: (1) that Spirit lacked effective production quality controls; (2) that, as a result, Spirit incorrectly installed fittings designed to join the aft fuselage to the vertical tail for some Boeing 737 Max airplanes that Spirit sent to Boeing; (3) that, as a result, Spirit would have to develop an inspection and repair procedure for the affected fuselages; (4) that the foregoing would negatively impact Spirit's financial results; and (5) that as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On April 13, 2023, after the market closed, Boeing announced that it would halt deliveries of its 737 MAX aircraft due to a supplier quality problem, and *Bloomberg* identified

Spirit as the supplier of the faulty part. *Reuters* reported that "[t]he problem involves the installation of two fittings that join the aft fuselage made by Spirit to the vertical tail, which were not attached correctly to the structure of the fuselage before it was sent to Boeing" and that "the problem is believed to date back to 2019."

On this news, Spirit's stock price fell $7.38, or 20.7%, to close at $28.22 per share on April 14, 2023, on unusually heavy trading volume, thereby injuring investors.

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Li and members of the class have suffered significant losses and damages.

## III.   ARGUMENT

### A.   Li Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Li satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Li has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. In addition, Li is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Li respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.      Li Filed the Complaint and a Timely Motion

Li filed the complaint in this action and has made a timely motion in response to a PSLRA notice. On May 3, 2023, pursuant to the PSLRA, notice was published in connection with this action. *See* Linkh Decl., Ex. B. Therefore, Li had sixty days (*i.e.*, until July 5, 2023) to file a motion to be appointed as lead plaintiff. As a purchaser of Spirit securities during the Class Period, Li is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Li attests that he has reviewed the complaint and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. A. Accordingly, Li satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Li Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Li believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, Li suffered substantial financial losses of approximately $945,183.77. *See* Linkh Decl., Ex. C. To the best of his knowledge, Li is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Li believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Li Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Bishins v. CleanSpark, Inc.*, No. 21-cv-511, 2021 WL 5741574, at *2 (S.D.N.Y. Dec. 2, 2021). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

5

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)      Li's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Dixon v. Bemis Co., Inc.*, 2020 WL 7212082, at *3 (S.D.N.Y. Mar. 10, 2020). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Li's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Li alleges that Defendants' material misstatements and omissions concerning Spirit's business, operations, and financial prospects violated the federal securities laws. Li, like all members of the class, purchased Spirit securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Li's interests and claims are "typical" of the interests and claims of the class.

### b)      Li Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest

in the outcome of the case to ensure vigorous advocacy." *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Li has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Li is not aware of any conflict between his claims and those asserted on behalf of the class. Li earned a Bachelor of Science in Computer Science and a Master of Engineering in Computer Science from Cornell University and is an entrepreneur, CEO, and Co-Founder of an online fashion business with years of investing experience. As such, Li is well-equipped to represent the class, and should be appointed as lead plaintiff.

### B.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Li has selected Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel to pursue this litigation on his behalf and will retain the firms as the class's co-lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP and Holzer & Holzer, LLC possess extensive experience in securities class actions and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés attached to the Linkh Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Li respectfully requests that the Court grant his Motion and enter an Order (1) appointing Li as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 3, 2023           **GLANCY PRONGAY & MURRAY LLP**

By: _ /s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Hang Li and Proposed Co-Lead
Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On July 3, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 3, 2023, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh