**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HANG, LI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:23-cv-03722-PAE |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| SPIRIT AEROSYSTEMS HOLDINGS, INC., TOM GENTILE III, and MARK J. SUCHINSKI, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MICHAEL D. JOSEPH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPOINTMENT OF LEAD COUNSEL**

## INTRODUCTION

Before this Court is a securities class action brought on behalf of purchasers of Spirit AeroSystems Holdings, Inc. ("Spirit" or the "Company") common stock between April 8, 2020 and April 13, 2023, inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

Michael D. Joseph hereby moves this Court for an order: (i) appointing Mr. Joseph as Lead Plaintiff; and (ii) approving his selection of Block & Leviton LLP to serve as Lead Counsel.

This motion is made on the grounds that Mr. Joseph is the most adequate plaintiff as defined by the PSLRA because he believes he possesses the largest financial interest in the relief sought by the class, having lost approximately $947,332 on his purchases of Spirit shares. Mr. Joseph's claims are also typical of the claims of the putative class, and he will fairly and adequately represent the interests of the class. Mr. Joseph is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should appoint Mr. Joseph as Lead Plaintiff, and approve Block & Leviton as Lead Counsel.

## FACTUAL BACKGROUND[1]

Spirit is a non-original equipment manufacturer specializing in fuselages, wing components, pylons, and nacelles for commercial aircraft, military platforms, and business/regional jet markets. Boeing Co. ("Boeing"), is Spirit's largest customer and has long-term supply agreements with Spirit to supply products for several of its aircraft programs, including the B737.

---

[1] The facts are taken from the Complaint that was filed in this case (ECF No. 1).

On April 8, 2020, Spirit announced a series of actions intended to reduce costs and preserve liquidity in response to the economic impacts and uncertainties of the COVID-19 pandemic. These actions included workforce reductions, a voluntary retirement program, deferred capital expenditures, furloughs, a reduced work week, dividend reductions, and others.

Throughout the Class Period, Spirit highlighted in its quarterly financial releases the Company's dependence on the sales of components for the B737 MAX, and the impact that further suspensions or reductions in production would have on the Company's business and financial position. In its Q1 2020 financial results, Spirit noted under risks related to the Company's operations, that its business depends on *inter alia*, its ability to meet or exceed stringent performance and reliability standards.

After the market closed on April 13, 2023, Boeing announced that it was halting deliveries of its 737 MAX aircraft due to a supplier quality problem. That same day, *Bloomberg* identified Spirit as the supplier, and a *Reuters* article reported that "[t]he problem involves the installation of two fittings that join the aft fuselage made by Spirit to the vertical tail, which were not attached correctly to the structure of the fuselage before it was sent to Boeing." *Reuters* reported that Spirit was working to develop an inspection to detect and repair the issue, and that "the problem is believed to date back to 2019."

On this news, shares of Spirit stock fell $7.38, or 20.7%, to close at $28.22 per share the following day, April 14, 2023.

Defendants failed to disclose to investors: (1) that Spirit lacked effective production quality controls; (2) that, as a result, Spirit incorrectly installed fittings designed to join the aft fuselage to the vertical tail for some Being 737 MAX airplanes that Spirit sent to Boeing; (3) that, as a result, Spirit would have to develop an inspection and repair procedure for the affected fuselages; (4) that

the foregoing would negatively impact Spirit's financial results; and (5) that as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## ARGUMENT

### I.    The Court Should Appoint Mr. Joseph as Lead Plaintiff.

#### A.    The Procedure Required by the PSLRA

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, July 3, 2023), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.      Mr. Joseph Has Timely Moved for Lead Plaintiff Appointment**

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Joseph timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Joseph has signed a certification pursuant to the PLRSA. *See* Block Decl.,[2] Ex. C. He has selected and retained qualified counsel to represent him and the proposed class. *See* Block Decl. Ex. E.

**C.      Mr. Joseph Has the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, Mr. Joseph's accompanying signed certification and loss chart, Mr. Joseph incurred a substantial loss of approximately $947,332 on his class period transactions in Spirit securities. *See* Block Decl. Exs. C, D. These losses are calculated using a "Last In First Out" methodology.  At the time of this filing, Mr. Joseph believes that he possesses the largest financial interest of any movant seeking lead plaintiff status.

**D.      Mr. Joseph Otherwise Satisfies Rule 23**

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "Typicality 'requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to

---

[2] References to the "Block Decl." are to the Declaration of Jeffrey C. Block, filed contemporaneously herewith.

prove the defendant's liability.'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class....'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Mr. Joseph's claims are typical because, like all members of the class, he purchased or otherwise acquired Spirit securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Mr. Joseph's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

Mr. Joseph is also an adequate representative for the proposed class. Mr. Joseph's substantial financial interest in the outcome of the action demonstrates that his interests are aligned with those of the class. Thus, Mr. Joseph satisfies the adequacy requirements of Rule 23(a)(4).

Because Mr. Joseph is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Court should appoint him Lead Plaintiff.

**II.    The Court Should Appoint Proposed Lead Plaintiff's Choice of Counsel**

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Joseph has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Block Decl. Ex. E. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In*

> *re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve Mr. Joseph's selection of Block & Leviton as lead counsel.

## CONCLUSION

For the foregoing reasons, Mr. Joseph respectfully requests that the Court: (i) appoint him Lead Plaintiff in the Action; and (ii) approve his selection of Lead Counsel as set forth herein.

Dated: July 3, 2023                     Respectfully submitted,

                                        */s/ Jeffrey C. Block*
                                        Jeffrey C. Block
                                        **BLOCK & LEVITON LLP**
                                        260 Franklin Street, Suite 1860
                                        Boston, MA 02110
                                        (617) 398-5600 phone
                                        (617) 507-6020 fax
                                        jeff@blockleviton.com

                                        *Attorney for Michael D. Joseph and*
                                        *Proposed Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Jeffrey C. Block*
Jeffrey C. Block