**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HANG, LI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:23-cv-03722-PAE |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| SPIRIT AEROSYSTEMS HOLDINGS, INC., TOM GENTILE III, and MARK J. SUCHINSKI, | |
| Defendants. | |

**MICHAEL D. JOSEPH'S MEMORANDUM IN OPPOSITION TO HANG LI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

## INTRODUCTION

The difference between the two movants' losses in this case is negligible. Michael Joseph reported the largest financial interest in the relief sought by the class, with losses of $947,332; Hang Li's stand at $945,184 (using slightly different look-back prices[1]). Regardless of the look-back price used, the competing plaintiffs are financially neck and neck.

Despite having similar losses, Li trails Joseph by a wide gap in overall suitability to serve as lead plaintiff. When he moved for lead plaintiff, Joseph submitted a sworn declaration that carefully documented his personal and professional background, his process of selecting counsel, and specific steps he will take in prosecuting a class action against Defendant Spirit Aerosystems ("Spirit"). *See* Dkt. 13-2. Li, in contrast, made no attestations about his capacity to serve as lead plaintiff. Apart from a single unsworn sentence in his counsel's moving papers, Li has provided no basis for the Court to evaluate if he can competently represent the class.

Further, the information Li did submit highlights his unfitness to serve as lead plaintiff. When Li filed his initial Complaint, he included a list of his class period transactions in Spirit securities and a sworn certification declaring under the penalty of perjury that the list was complete. *See* Dkt. 1 at 41–43. In an about-face, he now submits a revised certification that includes additional transactions he claims were "inadvertently omitted" from the initial list.  Dkt. 9 at 2 n.1. Li's sloppiness undercuts his claim that he can adequately represent the class.

As set forth below, Li cannot satisfy the adequacy and typicality requirements of Federal Rule of Civil Procedure 23. The PSLRA provides that Joseph is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class.

---

[1] Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. 78u-4(3)(1), damages are limited by the "mean trading price of [the stock] during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis of the action is disseminated to the market."

**ARGUMENT**

The "most adequate plaintiff" in a securities class action is presumptively the person who "(aa) has either filed the complaint or made a motion in response to a notice . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted upon proof that the presumptive lead plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78-u4(a)(3)(B)(iii)(II).

The presumption arises in part from the notion that the plaintiff with the largest financial stake will pursue the interests of the class most vigorously. *See Shapiro v. TG Therapeutics*, No. 22-cv-6106 (JSR), 2022 WL 16555585, at *6 (S.D.N.Y. Oct. 31, 2022). Thus, "[a]s the difference among competing plaintiffs' alleged losses shrinks, so too does the persuasiveness of the presumption." *Randall v. Fifth St. Fin. Corp.*, 15-cv-7759 (LANK), 2016 WL 462479, at *3 (S.D.N.Y. Feb. 1, 2016). When losses are close, courts in this district treat them as "approximately equal." *Id.* (finding competing plaintiffs had "much the same economic incentive to monitor and control the litigation and economic interest in the possible recovery" when separated by roughly 18%); *see also Shapiro*, 2022 WL 16555585, at *6 (12% difference); *Police & Fire Ret. Sys. of City of Detroit v. Safenet, Inc.*, No. 06-cv-5797 (PAC), 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (2% difference).

Joseph and Li's losses are 0.12-0.22% apart depending on which look-back price is used. The Court should treat Joseph and Li's losses as approximately equal and determine which movant otherwise adheres to the PSLRA's lead plaintiff criteria. *See In re Pfizer Sec. Litig.*, 233 F.R.D. 334, 338 (S.D.N.Y. 2005).

## I.      Li Has Failed to Make a *Prima Facie* Showing of Adequacy

To benefit from the presumption of greatest adequacy, a plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23. *See Nayani v. LifeStance Health Grp., Inc.*, No. 22-cv-6833 (JSR), 2022 WL 16985717, at *3 (S.D.N.Y. Nov. 17, 2022). A potential lead plaintiff "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Rasella v. Musk*, 342 F.R.D. 74, 80 (S.D.N.Y. 2022) (internal quotation marks omitted). The adequacy requirement is satisfied if "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Alongside these three elements, "[c]ourts must also consider such factors as the available resources and experience of the proposed lead plaintiff, in order to ensure the plaintiff can act like a 'real' client, carefully choosing counsel and monitoring counsel's performance." *Nayani*, 2022 WL 16985717, at *4 (internal citation omitted).

### A.      Li Has Not Submitted Sufficient Information to Establish His Adequacy

A candidate for lead plaintiff must "provide enough information to make a preliminary showing of adequacy under Rule 23." *Karp v. Diebold Nixdorf, Inc.*, No. 19-cv-6180 (LAP), 2019 WL 5587148, at *5 (S.D.N.Y. Oct. 30, 2019). As one judge in this district recently explained, "ample case law supports what one would have thought is an uncontroversial point— namely, that even a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication." *In re Hexo Sec. Litig.*, No. 19-cv-10965 (NRB), 2020 WL 5503634, at *1 (S.D.N.Y. Sept. 11, 2020). A plaintiff who fails to submit a declaration outlining this basic information is not entitled to the presumption of adequacy. *See Siegel v. Bos. Beer Co.*, No. 21-cv-7693 (VSB), 2021 WL 5909133, at *7 (S.D.N.Y. Dec. 14,

2021) ("As a threshold matter, by not providing an initial declaration with his motion, Cortes failed 'to make a preliminary showing of adequacy under Rule 23'"); *Perez v. HEXO Corp.*, No. 19-cv-10965 (NRB), 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) ("given Wong's failure to provide *any* information regarding his experience in his preliminary motion, the Court questions whether Wong will meaningfully oversee and control the prosecution of this consolidated class action"); *Karp*, 2019 WL 5587148, at *6 (rejecting plaintiffs with larger losses who "provided the Court with little to go on with respect to their alleged capacity to manage this litigation," and appointing plaintiffs with smaller losses who provided such information).

Li has not submitted a declaration describing his background, resources, and ability to oversee counsel. That failure alone renders him inadequate to serve as lead plaintiff. *See, e.g.*, *Siegel*, 2021 WL 5909133, at *7. Plus, given the negligible differences in their respective financial interests, the fact that Joseph provided a declaration informing the Court who he is, his background and ability and desire to oversee counsel, Joseph is clearly the better choice to lead this litigation on behalf of the Class.

The scant information Li provided in his attorneys' memorandum, *see* Dkt. 9, cannot establish his adequacy. The only information before the Court is that "Li earned a Bachelor of Science in Computer Science and a Master of Engineering in Computer Science from Cornell University and is an entrepreneur, CEO, and CoFounder of an online fashion business with years of investing experience." *Id.* at 8. These vague background facts say nothing about Li's ability to protect the interests of the class. *See Gross v. AT&T Inc.*, No. 19-cv-2892 (VEC), 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019). Indeed, counsel for Li does not show why Li's degrees in computer science, self-described "entrepreneur" status, management of a fashion business for an unknown amount of time, or unspecified years as an investor would translate to competent

oversight of this litigation. Further, the fact that Li could not be bothered to submit his own declaration attesting to these facts is telling of his commitment to prosecute the case. Li has not provided sufficient information to create a *prima facie* showing of adequacy.

Joseph, in contrast, filed a detailed declaration establishing his adequacy to represent the class. *See* Dkt. 13-2. Joseph attests that he has "approximately twenty years of experience investing in the securities markets" and is a Vice President of Product Management who has "worked in the Ecommerce and Technology industry for fifteen years." *Id.* ¶ 2. The declaration shows that Joseph is aware of a lead plaintiff's responsibilities and is committed to discharging them. Joseph declares, for example, "I understand that one of my primary responsibilities will be overseeing Lead Counsel to ensure that the litigation is handled efficiently, and that the resulting fees and expenses are fair and reasonable." *Id.* ¶ 6. He adds that he is "committed to the zealous prosecution of this case and will remain actively involved in it, including through my attendance at deposition and trial" and that he understands that he "owe[s] a fiduciary duty to all members of the putative class to provide fair and adequate representation and to work with Lead Counsel to obtain the largest possible recovery for the class." *Id.* ¶ 8. Finally, Joseph describes specific actions he will take as lead plaintiff, including holding "at least quarterly calls with counsel to discuss the status of the litigation and ensure its proper prosecution" and "additional calls as events and circumstances in the litigation may warrant." *Id.* ¶ 9. Unlike Li, Joseph has shown through a sworn declaration that he is willing and able to vindicate the class's interests and is thus adequate to serve as lead plaintiff.

### B.   Li Is an Inadequate Plaintiff Because of Mistakes in His Submissions

Errors in filings "militate against appointment" and render a plaintiff "inadequate to serve as lead plaintiff under Rule 23's adequacy requirement." *Micholle v. Ophthotech Corp.*, No. 17-cv-210 (VSB), 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018). Such mistakes "speak[] to a level of carelessness" that cast doubt on whether a movant "possesses the necessary adequacy and

sophistication to be lead plaintiff." *Plaut v. Goldman Sachs Grp., Inc.*, No. 18-cv-12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019). Even small errors about a movant's holdings "indicate[] a certain carelessness about detail that undermines the adequacy of" the movant as a lead plaintiff. *Bhojwani v. Pistiolis*, No. 06-cv-13761 (CM) (KNF), 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007). This Court recently questioned whether a plaintiff who made basic errors in his submissions was "serious about his responsibilities as a budding class representative" and held that the errors "weigh heavily against his appointment as lead plaintiff." *Rodriguez v. DraftKings Inc.*, No. 21-cv-5739 (PAE), 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) (Engelmayer, J.) (declining to appoint movant with greatest losses in part because of errors in filings).

Li concedes that his initial certification attached to the Complaint omitted trades from two of his accounts. *See* Dkt. 9 at 2 n.1. He only corrected this mistake two months after he made it while moving for appointment as lead plaintiff. This error "str[ikes] at the core of the PSLRA's lead plaintiff inquiry: determining which movant holds the largest financial stake in the litigation." *Karp*, 2019 WL 5587148, at *6 (rejecting plaintiff with higher losses in part because of errors in initial loss chart). Accordingly, Li is inadequate to serve as lead plaintiff and is not entitled to the PSLRA's presumption that he is the most adequate plaintiff.

## II.   Unlike Joseph, Li Only Purchased Spirit Common Stock and Cannot Assert Claims on Behalf of Options Traders

A candidate for lead plaintiff's claims are typical where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010). Li filed a complaint seeking to represent a class consisting of "all persons and entities that purchased or otherwise acquired Spirit *securities* between April 8, 2020 and April 13, 2023, inclusive, and

who were damaged thereby." Dkt. 1 ¶ 62 (emphasis added). The class includes traders in all types of Spirit securities. Yet Li only purchased Spirit common stock and cannot bring claims on behalf of purchasers of other Spirit securities, including option contracts. *Cf. Crass v. Yalla Grp. Ltd.*, No. 21-cv-6854 (PAE), 2021 WL 5181008, at *7 (S.D.N.Y. Nov. 8, 2021) (Engelmayer, J.) (appointing lead plaintiff with both options and stock trades). Joseph traded in options during the class period and has standing to bring claims on behalf of options traders, making him the better Lead Plaintiff candidate.

## CONCLUSION

For the foregoing reasons, Joseph respectfully requests that the Court allow his motion for appointment as lead plaintiff and deny Li's motion.

Dated: July 17, 2023                    Respectfully submitted,

                                        */s/ Jeffrey C. Block*
                                        Jeffrey C. Block
                                        **BLOCK & LEVITON LLP**
                                        260 Franklin Street, Suite 1860
                                        Boston, MA 02110
                                        (617) 398-5600 phone
                                        (617) 507-6020 fax
                                        jeff@blockleviton.com

                                        *Attorneys for Michael D. Joseph and*
                                        *Proposed Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Jeffrey C. Block
Jeffrey C. Block