UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HANG LI, *individually, and on behalf of all others similarly situated*,

Plaintiff,

-v-

SPIRIT AEROSYSTEMS HOLDINGS, INC., *et al.*,

Defendants.

---

23 Civ. 3722 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Before the Court is plaintiff Hang Li's unopposed motion to be appointed as lead plaintiff and to have his attorneys appointed as lead counsel. For the following reasons, the motion is granted.

I.    **Background**

On May 3, 2023, Li filed this proposed securities class action on behalf of all individuals who purchased shares of Spirit AeroSystems Holdings, Inc. ("Spirit") between April 8, 2020 and April 13, 2023. Dkt. 1 ("Compl.") ¶ 1. Spirit, based in Wichita, Kansas, manufactures and assembles aircraft parts (known as "aerostructures") for commercial airlines and the defense industry. *Id.* ¶¶ 2, 12, 16. As relevant here, Spirit manufactures various components of the ill-fated Boeing 737 MAX, best known for two fatal crashes in 2018 and 2019. *See id.* ¶¶ 59–60. Li alleges that, throughout the class period, Spirit made upbeat statements about its business, operations, and prospects; in particular, as to its close relationship with Boeing and the volume of orders for the 737 MAX. *See id.* ¶¶ 17–57. On April 13, 2023, after the market closed, Boeing issued a statement stating that it would halt deliveries of the 737 MAX due to a "supplier control problem" with a piece of the fuselage that secures the airplane's vertical tail. *Id.* ¶ 59.

1

That same day, *Bloomberg* identified Spirit as the supplier of the faulty part. *See id.* ¶ 60. The next day, Spirit's share price dropped 20.7%, closing at $28.22 per share. *Id.* ¶ 61.

The same day the complaint was filed, notice of this action was published in *Business Wire*. Dkt. 10 ("Linkh Decl."), Ex. 2. As required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), the notice summarized the basis for this action and informed members of the putative class that they had 60 days to move for appointment as lead plaintiff. That 60-day period expired on July 5, 2023.

On July 3, 2023, Li filed a motion for appointment as lead plaintiff and for approval of his chosen counsel. Dkts. 7–10. Li is represented by Glancy Prongay & Murray LLP and Holzer & Holzer LLC. Li is the only person who seeks appointment as lead plaintiff.[1]

## II.     Appointment of Lead Plaintiff

The PSLRA governs motions for appointment of lead plaintiff and approval of lead counsel in putative class actions brought under federal securities laws. The PSLRA directs the court to appoint as lead plaintiff the party or parties "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the person who: (1) has either "filed the complaint or made a motion in response to a notice," *id.* § 78u-4(a)(3)(B)(iii)(I)(aa); (2) has the "largest financial interest in the relief sought by the class," *id.* § 78u-4(a)(3)(B)(iii)(I)(bb); and (3) "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," *id.* § 78u-4(a)(3)(B)(iii)(I)(cc). "[T]his presumption may be

---

[1] On July 3, 2023, Michael D. Joseph filed a motion for appointment as lead plaintiff and for approval of his chosen counsel, Block & Leviton LLP. Dkts. 12–13. On August 2, 2023, Li and Joseph jointly stipulated to Li's appointment as lead plaintiff and the appointment of Li's counsel as class counsel. Dkt. 17.

rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Metro Servs. Inc. v. Wiggins*, 158 F.3d 162, 164 (2d Cir. 1998) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

As noted, Li filed the complaint, and is the only person seeking appointment as lead plaintiff, satisfying the first prong. *See* Dkt. 17. The Court therefore turns to the second and third prongs established by the PSLRA.[2]

## A.   Financial Interest

Li certifies that he purchased 191,246 shares of Spirit during the class period and lost a total of $945,183.77 when the share price dropped. Linkh Decl., Exs. 2–3. Because no prospective lead plaintiff with a larger financial stake in this case has come forward, and the Court does not have access to non-parties' financial records, the Court must assume that Li's financial interest renders him suitable to serve as lead plaintiff. *See, e.g., Bristol County Ret. Sys. v. Telefonaktiebolaget LM Ericsson*, No. 18 Civ. 3021 (RJS), 2018 WL 3546182, at *1 (S.D.N.Y. July 24, 2018); *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097 (JFK), 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011); *Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.*, No. 07 Civ. 3923 (RWS), 2007 WL 2363610, at *3 (S.D.N.Y. Aug. 16, 2007).

---

[2] Although Li's motion is unopposed, the Court must conduct an independent review to ensure he satisfies the PSLRA's requirements. *See, e.g., Springer v. Code Rebel Corp.*, No. 16 Civ. 3492 (AJN), 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) (collecting cases).

**B.     Rule 23 Requirements**

The Rule 23 requirements for class certification are commonly referred to as numerosity, commonality, typicality, and adequacy. *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 80 (2d Cir. 2015). At this early stage of litigation, however, "'only the last two factors— typicality and adequacy—are pertinent.'" *Lopez v. CTPartners Exec. Search Inc.*, No. 15 Civ. 1476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (quoting *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004)). A lead plaintiff's claims are typical where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). A lead plaintiff is adequate where he "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (citing *Dietrich v. Bauer*, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)). To obtain appointment as lead plaintiff, "[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

Li's claims "are typical of the class because [his] claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998) (citing *Drexel*, 960 F.2d at 291). As alleged in the Complaint, every member of the putative class, "(1) purchased or acquired [Spirit] securities during the class period; (2) at prices allegedly artificially inflated by defendants'

4

materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market." *Jolly Roger*, 2007 WL 2363610, at *4. Accordingly, Li's claims arise from the same course of conduct as other class members' claims.

On the facts presently known, Li is also an adequate class representative. He has certified that he is willing to fulfill the duties of lead plaintiff, Linkh Decl., Ex. 1, and he has retained counsel with significant experience in securities fraud cases, *id.*, Exs. 4–5. And there is, as yet, no indication that Li has any interests that are antagonistic to those of the class. *See Plumbers, Pipefitters & MES*, 2011 WL 4831209, at *2; *Jolly Roger*, 2007 WL 2363610, at *5.

Because Li has thus far satisfied all of the PSLRA requirements, the Court finds that he is the most adequate plaintiff. There has been no credible claim that he "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render him incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Court therefore appoints Li as lead plaintiff.

## III.    Appointment of Class Counsel

The most adequate plaintiff may retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3) (B)(v). "There is a 'strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection.'" *Sallustro v. CannaVest Corp.*, No. 14 Civ. 2900 (PGG), 2015 WL 1262253, at *10 (S.D.N.Y. Mar. 19, 2015) (quoting *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529 (LMM), 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)). Here, as noted, Li has selected the firms of Glancy Prongay & Murray LLP and Holzer & Holzer LLC. Having reviewed the firms' submissions as to their pertinent background and experience, including their experience litigating securities class actions, the Court finds that they are well qualified to serve as class co-counsel.

Accordingly, the Court appoints Glancy Prongay & Murray LLP and Holzer & Holzer LLC as class co-counsel.

## CONCLUSION

For the foregoing reasons, Hang Li is hereby appointed as lead plaintiff, and Glancy Prongay & Murray LLP and Holzer & Holzer LLC are hereby appointed as class co-counsel. The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 8 and 11.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: October 20, 2023
       New York, New York

6