UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HANG LI, et al.,

                              Plaintiffs,

               v.                            No. 1:23-cv-03722-PAE

SPIRIT AEROSYSTEMS HOLDINGS, INC.,
TOM GENTILE III and MARK J. SUCHINSKI,

                              Defendants.

---

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Evidence 201, Spirit AeroSystems Holdings, Inc. ("Spirit"), Tom Gentile III and Mark J. Suchinski (collectively, "Defendants") respectfully request that the Court take judicial notice of and consider each of the following documents referenced in the Declaration of Michael P. Addis (the "Addis Declaration") in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint (the "Amended Complaint" or "AC"):

    1.    Attached as Exhibit 1 is a true and complete copy of Spirit's Form 10-K ("10-K") for the year ended December 31, 2018, dated February 8, 2019. It was downloaded on or about February 15, 2024, from https://www.sec.gov/Archives/edgar/data/1364885/000162828019001118/spr-20181231x10k.htm.

    2.    Attached as Exhibit 2 is a true and complete copy of Spirit's Q1 2019 Earning Call Transcript, dated May 1, 2019. It was downloaded on or about February 15, 2024, from https://s23.q4cdn.com/405433451/files/doc_financials/2019/q1/Q1-2019-Earnings-Call-Transcript.pdf.

    3.    Attached as Exhibit 3 is a true and complete copy of a National Transportation Safety Board report, dated September 19, 2019. It was downloaded on or about February 15, 2024, from https://www.ntsb.gov/investigations/AccidentReports/

Reports/ASR1901.pdf.

        4.        Attached as Exhibit 4 is a true and complete copy of Spirit's 10-K for the year ended December 31, 2019, dated February 28, 2020.  It was downloaded on or about February 15, 2024, from https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/1364885/000162828020002543/spr-20191231x10k.htm.

        5.        Attached as Exhibit 5 is a true and complete copy of Spirit's Form 8-K ("8-K") disclosing a March 24, 2020 press release, dated March 25, 2020.  It was downloaded on or about February 15, 2024, from https://d18rn0p25nwr6d.cloudfront.net/CIK-0001364885/f7fd9dc4-f3b7-4fb9-86e3-c2b8062bf664.html.

        6.        Attached as Exhibit 6 is a true and complete copy of Spirit's 8-K disclosing an April 14, 2020 press release, dated April 14, 2020.  It was downloaded on or about February 15, 2024, from https://d18rn0p25nwr6d.cloudfront.net/CIK-0001364885/d4114b46-53c4-4089-85b0-5a6bd6548ef5.html.

        7.        Attached as Exhibit 7 is a true and complete copy of Spirit's 8-K disclosing a June 10, 2020 press release, dated June 11, 2020.  It was downloaded on or about February 15, 2024, from https://d18rn0p25nwr6d.cloudfront.net/CIK-0001364885/71da6501-8cc9-44c3-b5dc-06bf62d26ca0.html.

        8.        Attached as Exhibit 8 is a true and complete copy of Spirit's 10-K for the year ended December 31, 2020, dated February 25, 2021.  It was downloaded on or about February 15, 2024, from https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/1364885/000162828021003321/spr-20201231.htm.

        9.        Attached as Exhibit 9 is a true and complete copy of Spirit's 10-K for the year ended December 31, 2021, dated February 15, 2022.  It was downloaded on or about February 15, 2024, from https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/1364885/000162828022002704/spr-20211231.htm.

        10.        Attached as Exhibit 10 is a true and complete copy of Spirit's March 2, 2022 Investor Day Presentation Transcript.  It was downloaded on or about February 15, 2024,

from https://docs.publicnow.com/viewDoc?hash_primary=

183DF6B5F03881C725C139578F3BEB6F1546A296.

11. Attached as Exhibit 11 is a true and complete copy of Spirit's March 2, 2022 Investor Day Slide Deck. It was downloaded on or about February 15, 2024, from https://s23.q4cdn.com/405433451/files/doc_presentations/2022/Spirit-AeroSystems-2022-Investor-Day-Presentation-v4.pdf.

12. Attached as Exhibit 12 is a true and complete copy of Spirit's 10-K for the year ended December 31, 2022, dated February 17, 2023. It was downloaded on or about February 15, 2024, from https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/1364885/000162828023004051/spr-20221231.htm.

13. Attached as Exhibit 13 is a true and complete copy of an August 23, 2023 article from The Air Current titled Boeing and Spirit Grapple with Newly Discovered 737 Max Quality Issue. It was downloaded on or about December 22, 2023, from https://theaircurrent.com/aircraft-production/boeing-spirit-737-max-aft-pressure-bulkhead-drilling/.

## ARGUMENT

In considering a motion to dismiss, a "[c]ourt's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, [does] not convert the motion to dismiss into one for summary judgment." *Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y 2002); *see also Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016). "A document is incorporated by reference when the plaintiff relies on its terms and effects when drafting the complaint." *Columbia Cas. Co. v. Neighborhood Risk Mgt. Corp.*, No. 14-CV-0048 AJN, 2015 WL 3999192, at *5 (S.D.N.Y. June 29, 2015). And a court may take judicial notice of facts "not subject to a reasonable dispute" because they are "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

A. **THE COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS RELIED ON BY PLAINTIFFS IN PREPARING THE COMPLAINT.**

Plaintiffs' Section 10(b) claim is based in part on information in the following documents cited in the Amended Complaint:

- Spirit's Earning Call Transcript for May 1, 2019, for the first quarter of 2019, Addis Declaration Exhibit 2.  (AC ¶¶ 45-47.)

- Spirit's 8-K for an April 14, 2020 press release, filed with the SEC on April 14, 2020, Addis Declaration Exhibit 6.  (AC ¶¶ 133-36.)

- Spirit's 10-K for the year ended December 31, 2020, filed with the SEC on February 25, 2021, Addis Declaration Exhibit 8.  (AC ¶¶ 147-54.)

- Spirit's 10-K for the year ended December 31, 2021, filed with the SEC on February 15, 2022, Addis Declaration Exhibit 9.  (AC ¶¶ 160-67, 181, 182, 189, 190.)

- Spirit's Investor Day Presentation Transcript on March 2, 2022, Addis Declaration Exhibit 10.  (AC ¶¶ 169-75, 314.)

- Spirit's Investor Day Slide Deck on March 2, 2022, Addis Declaration Exhibit 11.  (AC ¶¶ 176, 313.)

- Spirit's 10-K for the year ended December 31, 2022, filed with the SEC on February 17, 2023, Addis Declaration Exhibit 12.  (AC ¶¶ 200-12.)

- *Boeing and Spirit Grapple with Newly Discovered 737 Max Quality Issue*, The Air Current (August 23, 2023), Addis Declaration Exhibit 13.  (AC ¶¶ 122, 270, 271.)

Plaintiffs' citations to—and in many cases, extensive quotations from—these documents in the Amended Complaint demonstrate that they relied on their terms and effects when drafting the Amended Complaint.  Indeed, statements in certain of these documents are challenged by Plaintiffs as allegedly fraudulent.  For completeness and accuracy, the Court should consider Exhibits 2, 6, 8, 9, 10, 11, 12 and 13 to the Addis Declaration for purposes of Defendants' Motion to Dismiss under the doctrine of incorporation by reference.  *See Thomas*, 232 F. Supp. 2d at 275; *see also Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 764 (S.D.N.Y. 2019) ("[T]his

4

Court deems the news articles that the Complaint explicitly identifies and quotes from—in some cases, substantially—incorporated by reference.").

**B.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF DISCLOSURES FILED WITH SEC AND OFFICIAL GOVERNMENT REPORTS.**

Courts in the Second Circuit routinely take judicial notice of public disclosures filed with the SEC. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (explaining that it is "inconsistent with [FRE] 201 to preclude a district court from considering [SEC filings] when faced with a motion to dismiss a securities action based on allegations of material misrepresentations or omissions"); *see also Richman v. Goldman Sachs Grp., Inc.*, 868 F. Supp. 2d 261, 273 n.3 (S.D.N.Y. 2012) (noting that "[w]hile [certain] materials were not attached to the Complaint, the Court can take judicial notice of SEC filings"). As in a typical case, it is appropriate for the Court to take judicial notice of the following SEC disclosures not cited in the Amended Complaint, but cited in Defendants' Motion to Dismiss:

- Spirit's 10-K for the year ended December 31, 2018, filed with the SEC on February 8, 2019, Addis Declaration Exhibit 1.
- Spirit's 10-K for the year ended December 31, 2019, filed with the SEC on February 28, 2020, Addis Declaration Exhibit 4.
- Spirit's 8-K for a March 24, 2020 press release, filed with the SEC on March 24, 2020, Addis Declaration Exhibit 5.
- Spirit's 8-K for a June 10, 2020 press release, filed with the SEC on June 11, 2020, Addis Declaration Exhibit 7.

Likewise, Courts in the Second Circuit "have frequently taken judicial notice of official government reports as being capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *B.T. Produce Co., Inc. v. Robert A. Johnson Sales*, 354 F. Supp. 2d 284, 285 n.2 (S.D.N.Y. 2004) (citation omitted) (USDA report); *Paskar v. City of New York*, 3 F. Supp. 3d 129, 137 n.9 (S.D.N.Y. 2014) (FAA reports). The Court should take judicial notice of the NTSB's report of its findings concerning the Boeing 737 MAX

incidents concerning Lion Air and Ethiopian Airlines, which was released on September 19, 2019, and is appended to the Addis Declaration as Exhibit 3.

For the foregoing reasons, it is appropriate for the Court to take judicial notice of Exhibits 1, 3, 4, 5 and 7 to the Addis Declaration.

## CONCLUSION

Defendants respectfully request that the Court take judicial notice of the documents referenced herein and consider them in deciding Defendants' Motion to Dismiss the Amended Complaint.

February 20, 2024

                                                                               CRAVATH, SWAINE & MOORE LLP,

                                                           by

                                                             /s/ *Michael P. Addis*
                                                          J. Wesley Earnhardt
                                                          Michael P. Addis
                                                          Members of the Firm

                                                          Worldwide Plaza
                                                             825 Eighth Avenue
                                                               New York, NY 10019
                                                                  (212) 474-1000

                                                          *Attorneys for Defendants*