**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

HANG LI, et al.,

Plaintiffs,

v.

SPIRIT AEROSYSTEMS HOLDINGS, INC.,
TOM GENTILE III and MARK J. SUCHINSKI,

Defendants.

No. 1:23-cv-03722-PAE

---

## <u>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT</u>

Pursuant to Federal Rule of Evidence 201, Spirit AeroSystems Holdings, Inc. ("Spirit"), Tom Gentile III and Mark J. Suchinski (collectively, "Defendants") respectfully request that the Court take judicial notice of and consider each of the following documents referenced in the Declaration of Michael P. Addis (the "Addis Declaration") in Support of Defendants' Motion to Dismiss the Second Amended Class Action Complaint (the "Second Amended Complaint" or "SAC"):

1. Spirit's 10-K ("10-K") for the year ended December 31, 2019, dated February 28, 2020 (Ex. 1 to the Addis Decl.);

2. Spirit's 10-K for the year ended December 31, 2018, dated February 8, 2019 (Ex. 2 to the Addis Decl.);

3. Spirit's 10-K for the year ended December 31, 2021, dated February 15, 2022 (Ex. 3 to the Addis Decl.);

4. Spirit's 10-K for the year ended December 31, 2022, dated February 17, 2023 (Ex. 4 to the Addis Decl.);

5. Spirit's 10-K for the year ended December 31, 2023, dated February 22,

2024 (Ex. 5 to the Addis Decl.);

6.    Spirit's 10-K for the year ended December 31, 2020, dated February 25, 2021 (Ex. 6 to the Addis Decl.);

7.    Spirit's 10-K for the year ended December 31, 2017, dated February 9, 2018 (Ex. 7 to the Addis Decl.);

8.    Spirit's 10-K for the year ended December 31, 2016, dated February 10, 2017 (Ex. 8 to the Addis Decl.);

9.    The Air Current titled *Boeing and Spirit Grapple with Newly Discovered 737 Max Quality Issue* (Ex. 9 to the Addis Decl.);

10.    Spirit's Q3 2022 Earning Call Transcript, dated November 3, 2022 (Ex. 10 to the Addis Decl.);

11.    National Transportation Safety Board report, dated September 19, 2019 (Ex. 11 to the Addis Decl.);

12.    Spirit's 8-K disclosing an April 14, 2020 press release, dated April 14, 2020 (Ex. 12 to the Addis Decl.);

13.    Spirit's March 2, 2022 Investor Day Presentation Transcript (Ex. 13 to the Addis Decl.);

14.    August 23, 2023 press release titled "Spirit AeroSystems 737 Aft Bulkhead Statement" (Ex. 14 to the Addis Decl.).

## **ARGUMENT**

In considering a motion to dismiss, a "[c]ourt's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, [does] not convert the motion to dismiss into one for summary judgment." *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y 2002); *see also Apotex*

*Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016).  "A document is incorporated by reference when the plaintiff relies on its terms and effects when drafting the complaint." *Columbia Cas. Co. v. Neighborhood Risk Mgmt. Corp.*, 2015 WL 3999192, at *5 (S.D.N.Y. June 29, 2015) (citation omitted).  And a court may take judicial notice of facts "not subject to a reasonable dispute" because they are "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned".  Fed. R. Evid. 201(b).

**A.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS RELIED ON BY PLAINTIFFS IN PREPARING THE COMPLAINT.**

Plaintiffs' Section 10(b) claim is based in part on information in the following documents cited in the Second Amended Complaint:

- Spirit's 10-K for the year ended December 31, 2021, dated February 15, 2022 (Ex. 3 to the Addis Decl.) (cited SAC ¶¶ 72-78, 320);

- Spirit's 10-K for the year ended December 31, 2022, dated February 17, 2023 (Ex. 4 to the Addis Decl.) (cited SAC ¶¶ 98-103, 321);

- Spirit's 10-K for the year ended December 31, 2023, dated February 22, 2024 (Ex. 5 to the Addis Decl.) (cited SAC ¶ 292);

- Spirit's 10-K for the year ended December 31, 2020, dated February 25, 2021 (Ex. 6 to the Addis Decl.) (cited SAC ¶¶ 61-66);

- The Air Current titled Boeing and Spirit Grapple with Newly Discovered 737 Max Quality Issue, dated August 23, 2023 (Ex. 9 to the Addis Decl.) (cited SAC ¶¶ 13, 160);

- Spirit's March 2, 2022 Investor Day Presentation Transcript (Ex. 13 to the Addis Decl.) (cited SAC ¶¶ 79-85);

- August 23, 2023 press release titled "Spirit AeroSystems 737 Aft Bulkhead Statement" (Ex. 14 to the Addis Decl.) (cited SAC ¶¶ 162, 167-68).

Plaintiffs' citations to—and in many cases, extensive quotations from—these documents in the Second Amended Complaint demonstrate that they relied on their terms and effects when drafting the Second Amended Complaint.  Indeed, statements in certain of these documents are challenged by Plaintiffs as allegedly fraudulent.  For completeness and accuracy, the Court should consider Exhibits 3, 4, 5, 6, 9, 13 and 14 to the Addis Declaration for purposes of Defendants' Motion to Dismiss under the doctrine of incorporation by reference.  *See Thomas*,

3

232 F. Supp. 2d at 275; *see also Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 764 (S.D.N.Y. 2019) ("[T]his Court deems the news articles that the Complaint explicitly identifies and quotes from—in some cases, substantially—incorporated by reference.") (citation omitted).

**B.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF DISCLOSURES FILED WITH SEC, EARNINGS TRANSCRIPTS AND OFFICIAL GOVERNMENT REPORTS.**

Courts in the Second Circuit routinely take judicial notice of public disclosures filed with the SEC. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (explaining that it is "inconsistent with [FRE] 201 to preclude a district court from considering [SEC filings] when faced with a motion to dismiss a securities action based on allegations of material misrepresentations or omissions"); *see also Richman v. Goldman Sachs Grp., Inc.*, 868 F. Supp. 2d 261, 273 n.3 (S.D.N.Y. 2012) (noting that "[w]hile [certain] materials were not attached to the Complaint, the Court can take judicial notice of SEC filings") (citation omitted).  As in a typical case, it is appropriate for the Court to take judicial notice of the following SEC disclosures not cited in the Second Amended Complaint, but cited in Defendants' Motion to Dismiss:

1.    Spirit's 10-K ("10-K") for the year ended December 31, 2019, dated February 28, 2020 (Ex. 1 to the Addis Decl.);

2.    Spirit's Form 10-K for the year ended December 31, 2018, dated February 8, 2019 (Ex. 2 to the Addis Decl.);

3.    Spirit's 10-K for the year ended December 31, 2021, dated February 15, 2022 (Ex. 3 to the Addis Decl.);

4.    Spirit's 10-K for the year ended December 31, 2022, dated February 17, 2023 (Ex. 4 to the Addis Decl.);

5.    Spirit's 10-K for the year ended December 31, 2023, dated February 22, 2024 (Ex. 5 to the Addis Decl.);

6.    Spirit's 10-K for the year ended December 31, 2020, dated February 25,

2021 (Ex. 6 to the Addis Decl.);

      7.     Spirit's 10-K for the year ended December 31, 2017, dated February 9, 2018 (Ex. 7 to the Addis Decl.);

      8.     Spirit's 10-K for the year ended December 31, 2016, dated February 10, 2017 (Ex. 8 to the Addis Decl.);

      9.     Spirit's 8-K disclosing an April 14, 2020 press release, dated April 14, 2020 (Ex. 12 to the Addis Decl.);

      10.     August 23, 2023 press release titled "Spirit AeroSystems 737 Aft Bulkhead Statement" (Ex. 14 to the Addis Decl.).

Courts also routinely take judicial notice of earnings announcements to determine what a company said publicly. *See e.g.*, *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018) (taking judicial notice of earnings calls and noting other cases that do the same); *In re Diebold Nixdorf, Inc., Sec. Litig.*, 2021 WL 1226627, at *10 n.14 (S.D.N.Y. Mar. 30, 2021) (similar). The Court should likewise take judicial notice of Spirit's Q3 2022 Earning Call Transcript, dated November 3, 2022 (Ex. 10 to the Addis Decl.) and Spirit's March 2, 2022 Investor Day Presentation Transcript (Ex. 13 to the Addis Decl.).

In addition, Courts in the Second Circuit "have frequently taken judicial notice of official government reports as being capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *B.T. Produce Co., Inc. v. Robert A. Johnson Sales*, 354 F. Supp. 2d 284, 285 n.2 (S.D.N.Y. 2004) (citation omitted) (USDA report); *Paskar v. City of New York*, 3 F. Supp. 3d 129, 137 n.9 (S.D.N.Y. 2014) (FAA reports). The Court should take judicial notice of the National Transportation Safety Board report, dated September 19, 2019 (Ex. 11 to the Addis Decl.) concerning the Boeing 737 MAX incidents concerning Lion Air and Ethiopian Airlines.

## **CONCLUSION**

Defendants respectfully request that the Court take judicial notice of the documents referenced herein and consider them in deciding Defendants' Motion to Dismiss the Second Amended Complaint.

May 13, 2024

CRAVATH, SWAINE & MOORE LLP,

by

/s/ *Michael P. Addis*

J. Wesley Earnhardt
Michael P. Addis
Members of the Firm

2 Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

*Attorneys for Defendants*