# Exhibit E



OFFICE OF THE ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION

**REQUEST TO EXAMINE**

To:   Spirit AeroSystems Holdings, Inc.            ***Via CMRRR: 7011 2000 0001 8543 7614***
      via its Registered Agent
      Corporation Service Company              ***Via First Class Mail***
      211 E. 7th Street, Suite 620
      Austin, Texas 78701                      ***Return Date: April 17, 2024***


Re:   The Office of the Attorney General's Investigation of Spirit AeroSystems Holdings, Inc.

The Office of the Attorney General, as the representative of the public's interest, has authority to investigate the organization, conduct, and management of any filing entity or foreign filing entity within the meaning of the Texas Business Organizations Code in order to evaluate if the entity has been or is engaged in acts or conduct that violate its governing documents or any laws of this state. Tex. Bus. Org. Code § 12.153.

Spirit AeroSystems Holdings, Inc. ("Spirit"), is a foreign filing entity within the meaning of the Texas Business Organizations Code. Pursuant to this office's specific authority under Texas law, including Texas Business and Organizations Code Section 12.151, *et seq.*, the Office of the Attorney General is undertaking an investigation into the organization, conduct, and management of Spirit.

In addition, the Office of the Attorney General is issuing this Request to Examine (RTE) under Tex. Bus. Org. Code §§ 12.151-152, requesting that Spirit produce the documents set forth in Attachment "A." You are to make available the documentary material described in Exhibit "A" to the undersigned Assistant Attorney General or other authorized agent(s) identified by the Consumer Protection Division ("Division"). This documentary material may be sent electronically or by certified mail to the Office of the Attorney General, 300 W. 15th. Street, 9th Floor, Austin, TX 78701, and is due on **April 17, 2024**. If providing documents electronically, please provide them to Ryan Hanlan at ryan.hanlan@oag.texas.gov. **Please contact one of the persons listed below upon receipt in order to discuss and the logistics of producing the requested documents to the Consumer Protection Division.**

**NOTICE**

Duty to Supplement

Spirit AeroSystems Holdings, Inc. and its board and officers are given notice that this RTE remains effective until the Office of the Attorney General's investigation is complete, and that Spirit has a continuing duty to supplement its responses and to continue to produce documents and records that are within the scope of these requests. Additionally, as the investigation progresses, the Attorney General may request additional documents pursuant to one or more Supplemental Requests to Examine.

**TAKE NOTICE THAT pursuant to Sections 12.155-12.156 of the Tex. Bus. & Org. Code, a foreign filing entity or filing entity that fails or refuses to permit the Attorney General to examine or make copies of a record, without regard to whether the record is located in this state, forfeits the right of the entity to do business in this state, and the entity's registration or certificate of formation shall be revoked or terminated.**

**Further, a managerial official or other individual having the authority to manage the affairs of a filing entity or foreign filing entity commits an offense if the official or individual fails or refuses to permit the Attorney General to make an investigation of the entity or to examine or to make copies of a record of the entity. An offense under this section is a Class B misdemeanor.**

ISSUED THIS 28th day of March 2024.

*/s/ Scott Froman*                                  Other Authorized Agents:
Scott Froman, Assistant Attorney General           Ryan Hanlan, Investigator
Consumer Protection Division                       Consumer Protection Division
Office of the Attorney General                     Office of the Attorney General
(512) 463-1264 (phone)                             (512) 936-3354 (phone)
(512) 370-9125 (fax)                               (512) 370-9125 (fax)
scott.froman@oag.texas.gov (email)                 ryan.hanlan@oag.texas.gov (email)

# ATTACHMENT "A"

## Instructions

1.      **Read These Instructions/Definitions Carefully.** Your production must comply with these instructions and definitions.

2.      **Duty to Preserve Documents**. All documents and/or other data which relate to the subject matter or requests of this RTE must be preserved. ***Any ongoing, scheduled, or other process of document or data destruction involving such documents or data must cease even if it is your normal or routine course of business for you to delete or destroy such documents or data and even if you believe such documents or data are protected from discovery by privilege or otherwise.*** Failure to preserve such documents or data may result in legal action and may be regarded as spoliation of evidence under applicable law.

3.      **Relevant Dates**. **Unless otherwise noted**, the requests in this RTE require production of documents from January 1, 2022, to the date of the production of documents in response to this RTE, herein called "the relevant time period."

4.      **Custody and Control.** In responding to this RTE, you are required to produce not only all requested documents in your physical possession, but also all requested documents within your custody and control. A document is in your custody and control if it is in the possession of another person and you have a right to possess that document that is equal or superior to that other person's right of possession. On the rare occasion that you cannot obtain the document, you must provide an explanation as to why you cannot obtain the document which includes the following information:

   a.   the name of each author, sender, creator, and initiator of such document;

   b.   the name of each recipient, addressee, or party for whom such document was intended;

   c.   the date the document was created;

   d.   the date(s) the document was in use;

   e.   a detailed description of the content of the document;

   f.   the reason it is no longer in your possession, custody, or control; and

   g.   the document's present whereabouts.

If the document is no longer in existence, in addition to providing the information indicated above, state on whose instructions the document was destroyed or otherwise disposed of, and the date and manner of the destruction or disposal.

5.      **Non-identical Copies to be Produced.**  Any copy of a document that differs in any manner, including the presence of handwritten notations, different senders or recipients, etc. must be produced.

6.      **No Redaction**.   All unprivileged materials or documents produced in response to this RTE

shall be produced in complete unabridged, unedited, and unredacted form, even if portions may contain information not explicitly requested, or might include interim or final editions of a document.

7.      **Document Organization**.  Each document and other tangible thing produced shall be clearly designated as to which request, and each sub-part of a request, that it satisfies. The documents produced shall be identified and segregated to correspond with the number and subsection of the request.

8.      **Production of Documents.**   You may submit photocopies (with color photocopies where necessary to interpret the document) in lieu of original hard-copy documents if the photocopies provided are true, correct, and complete copies of the original documents. If the requested information is electronically stored information, it shall be produced in electronic form. Electronically stored information shall be produced with the accompanying metadata, codes, and programs necessary for translating it into usable form, or the information shall be produced in a finished usable form.   For any questions related to the production of documents you may consult with the Office of the Attorney General representatives above.

9.      **Privilege Log.**   For each Document and any other requested information that you assert is privileged or for any other reason excludable from production, please provide a privilege log, wherein you:

   a.   Identify that Document and other requested information;

   b.   State each specific ground for the claim of privilege or other ground for exclusion and the facts supporting each claim of privilege or other ground for exclusion;

   c.   State the date of the Document or other requested information; the name, job title, and address (including city, state and ZIP Code) of the person who prepared it; the name, address (including city, state, and ZIP Code), and job title of the person to whom it was addressed or circulated or who saw it; and the name, job title, and address (including city, state, and ZIP Code) of the person now in possession of it; and

   d.   Describe the type and subject matter of the Document or other requested information.

**Definitions**

1.      **"You," "your," "the business," "Spirit AeroSystems"** or **"Spirit"** means Spirit AeroSystems Holdings, Inc., their past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and includes all persons and entities acting or purporting to act under the guidance or on behalf of any of the above.   The terms "subsidiary," "affiliate," and "joint venture" refer to any firm in which there is total or partial ownership (25 percent or more) or control between the company and any other person or entity.

2.      **"Boeing"** means The Boeing Company, their past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and includes all persons and entities acting or purporting to act under the guidance or on behalf of any of the above.   The terms "subsidiary," "affiliate," and "joint venture" refer to any firm in which there is total or partial ownership (25 percent or more) or control between the company and any other person or entity.

3.      The words **"and"** and **"or"** shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of the request, any document(s) that might be deemed outside its scope by another construction.

4.      "**Communication**" means any conversation, discussion, letter, email, correspondence, memorandum, meeting, note, or other transmittal of information or message, whether transmitted in writing, orally, electronically, or by any other means.

5.      "**Complaint**" means the Amended Class Action Complaint for Violations of the Federal Securities Laws, *Hang Li, Individually and on Behalf of All Others Similarly Situated v. Spirit AeroSystems Holdings Inc., Tom Gentle III, and Mark J. Suchinski*; Case No. 1:23-cv-03722-PAE in the United States District Court Southern District of New York.

6.      "**Concerning**" or "**Relating to**" or "**Related to**" means related to, referring to, pertaining to, concerning, describing, regarding, evidencing, or constituting.

7.      **"DEI"** means diversity, equity, and inclusion.

8.      "**DEI Policy**" is meant to be construed in its broadest possible sense to refer to any policy, memorandum, or other memorialization of the practices described at https://careers.spiritaero.com/dei including, but not limited to, memorialization of how Spirit "work[s] to build an inclusive culture," "create[s] an environment where all employees feel welcomed," and "[c]ultivat[es] a culture of diversity, equity and inclusion."

9.      **"Document"** shall be construed in the broadest sense possible and encompasses any electronically stored information, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by Spirit into a reasonably usable form. Although it does not limit the scope of this RTE, the definition and interpretation of "document" under the Texas Rules of Civil Procedure provides a useful reference point.

10. **"Entity"** means legal or business entity of any kind and includes, without limitation, corporations, partnerships, joint ventures, associations, governmental bodies, and trusts.

11. **"Incentive Compensation Plan"** refers to the plan described in paragraph 320 of the Complaint in the Lawsuit styled *Hang Li, Individually and on Behalf of All Others Similarly Situated v. Spirit AeroSystems Holdings Inc., Tom Gentle III, and Mark J. Suchinski*; Case No. 1:23-cv-03722-PAE in the United States District Court Southern District of New York.

12. **"Including"** means including, but not limited to.

13. "**Lawsuit**" means *Hang Li, Individually and on Behalf of All Others Similarly Situated v. Spirit AeroSystems Holdings Inc., Tom Gentle III, and Mark J. Suchinski*; Case No. 1:23-cv-03722-PAE in the United States District Court Southern District of New York.

14. **"Mis-drilled Aft Pressure Bulkhead Holes Defect**" refers to the defect described in paragraph 10 of the Complaint in the Lawsuit.

15. **"Person"** means any natural person or any legal entity, including, without limitation, any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or firm.

**Requests: Documents to be Produced**

In accordance with the requirements set forth in the "Definitions" and "Instructions" sections of this RTE, you are specifically required produce the following:

**By April 17, 2024:**

1. Produce Spirit's Communications to its investors in which it disclosed the issue regarding the Mis-Drilled Aft Pressure Bulkhead Holes Defect in Spirit's products.

2. Produce Spirit's Communications to Boeing where Spirit disclosed or discussed the Mis-Drilled Aft Pressure Bulkhead Holes Defect.

3. Produce Documents regarding all reports, records, complaints, or investigative reports regarding the Mis-Drilled Aft Pressure Bulkhead Holes Defect.

4. Produce all Communications written by or to Ryan Clark, Steve Aubuchon, or Scott Grabon between February 15, 2022 and March 1, 2022.

5. Produce Documents sufficient to show how Spirit's inspection team changed its procedures for documenting defects on or around February 22, 2022. This request specifically relates to the facts contained in Exhibit B of the Complaint.

6. Produce Documents sufficient to identify all corrective measures taken by Spirit to address or rectify the issues that led to Spirit being placed on probation by Boeing in or around 2018.

7. Produce all meeting minutes of Spirit's Global Diversity & Inclusion Council(s). Meeting minutes is defined to include any document that memorializes the agenda or discussion of any meetings held by these groups.

8. Produce any Documents that Spirit relies on to substantiate its claim that a diverse workplace improves product quality and /or "enhance[s] performance" and/or "helps [Spirit] . . . make better decisions."[1]

9. Produce Documents sufficient to identify Spirit's employee demographics for race, national origin, sexual orientation, and age before Your DEI Policy was enacted.

10. Produce Documents sufficient to identify Spirit's employee demographics for race, national origin, sexual orientation, and age as of January 1, 2024.

11. Produce Documents sufficient to identify the demographic characteristics for all personnel affected by layoffs by You in 2020. This includes, but is not limited to, the "workforce reductions of 2,800 employees in Wichita, Kansas and 400 employees in Oklahoma" referred to at: https://www.spiritaero.com/pages/release/spirit-aerosystems-actions-in-response-to-covid-19/.

---

[1] https://careers.spiritaero.com/dei.

12. Produce Spirit's procedures, guidelines, and/or details of its Incentive Compensation Plan.

13. Produce Joshua Dean's personnel file during his employment at Spirit, including any disciplinary actions and / or termination of employment by Spirit.

14. Produce all Documents and Communications related to Joshua Dean's termination, including the decision to terminate.