**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HANG LI, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:23-cv-03722-PAE |
| Plaintiff, | |
| v. | |
| SPIRIT AEROSYSTEMS HOLDINGS, INC., TOM GENTILE III, and MARK J. SUCHINSKI, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:
(I) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND
(II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
<u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     ARGUMENT..............................................................................................................3

        A.      The Positive Reaction Of The Settlement Class Supports Approval Of The
                Settlement And Plan Of Allocation ........................................................................3

        B.      The Settlement Class's Reaction Supports Approval Of The Attorneys' Fee
                Motion.....................................................................................................................5

III.    CONCLUSION...........................................................................................................6

## TABLE OF AUTHORITIES

**CASES**

*Guevoura Fund Ltd. v. Sillerman,*
2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ................................................................... 4, 5, 6

*Hill v. State St. Corp.,*
2015 WL 127728 (D. Mass. Jan. 8, 2015) ................................................................... 5

*In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.,*
909 F. Supp. 2d 259 (S.D.N.Y. 2012) ................................................................... 3

*In re Citigroup Inc. Bond Litig.,*
296 F.R.D. 147 (S.D.N.Y. 2013) ................................................................... 4

*In re Dun & Bradstreet Credit Servs. Customer Litig.,*
130 F.R.D. 366 (S.D. Ohio 1990) ................................................................... 6

*In re Flag Telecom Holdings, Ltd. Sec. Litig.,*
2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ................................................................... 5, 6

*In re Global Crossing Sec. and ERISA Litig.,*
225 F.R.D. 436 (S.D.N.Y. 2004) ................................................................... 3

*In re Luxottica Grp. S.p.A. Sec. Litig.,*
233 F.R.D. 306 (E.D.N.Y. 2006) ................................................................... 3

*In re Merrill Lynch & Co., Inc. Rsch. Reports Sec. Litig.,*
2007 WL 313474 (S.D.N.Y. Feb. 1, 2007) ................................................................... 4

*In re Signet Jewelers Ltd. Sec. Litig.,*
2020 WL 4196468 (S.D.N.Y. July 21, 2020) ................................................................... 2, 4

*In re Veeco Instruments Inc. Sec. Litig.,*
2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ................................................................... 5

*In re Veeco Instruments Inc. Sec. Litig.,*
2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ................................................................... 5

*In re XL Fleet Corp. Sec. Litig.,*
2024 WL 1884483 (S.D.N.Y. April 30, 2024) ................................................................... 6

*Maley v. Del Glob. Techs. Corp.,*
186 F. Supp. 2d 358 (S.D.N.Y. 2002) ................................................................... 5

ii

*Moses v. N.Y. Times Co.*,
　　79 F.4th 235 (2d Cir. 2023) ................................................................................................ 3

*Ressler v. Jacobson*,
　　149 F.R.D. 651 (M.D. Fla. 1992)........................................................................................ 3

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
　　396 F.3d 96 (2d Cir. 2005)................................................................................................. 3

Court-appointed lead plaintiff Hang Li ("Lead Plaintiff") and named plaintiffs Mike Drumright and Marco Amiotti (collectively, with Lead Plaintiff, "Plaintiffs"), and their counsel, Glancy Prongay & Murray LLP and Holzer & Holzer LLC (collectively "Lead Counsel"), respectfully submit this memorandum in further support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 68-69); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF Nos. 70-71, the "Attorneys' Fee Motion").[1]

## I.    PRELIMINARY STATEMENT

Pursuant to the Court's September 4, 2025, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 67; the "Preliminary Approval Order"), approximately 209,286 copies of the Court-approved Postcard Notice and/or Notice and Claim Form were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2]  In addition, the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq") caused: (i) the Summary Notice to be published in *Investor's Business Weekly* and transmitted over *PR Newswire* on October 6, 2025;[3] and (ii) the Postcard Notice, Notice, Claim Form, Summary Notice, Stipulation, Second Amended Complaint, and

---

[1] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated August 4, 2025 (the "Stipulation;" ECF No. 64-1), or the Joint Declaration of Garth Spencer and Corey D. Holzer in Support of: (I) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Joint Declaration;" ECF No. 72).

[2] *See* Supplemental Declaration of Nicholas Schmidt Regarding: (A) Mailing/Emailing of Notice; (B) Report on Requests for Exclusion Received to Date; and (C) Claims Received to Date; and (C) (the "Suppl. Mailing Decl.") (attached as Exhibit 1 hereto), at ¶4.

[3] *See* Declaration of Melissa Mejia Regarding: (A) Mailing/Emailing of the Postcard Notice; (B) Publication of Summary Notice; (C) Report on Claims Received to Date; and (D) Report on Requests for Exclusion Received to Date ("Initial Mailing Decl.;" ECF No. 72-17), at ¶13 & Ex. E.

Preliminary Approval Order, among other important case-related documents, to be posted on the Settlement Website (www.SpiritAeroSecuritiesSettlement.com).  *See* Initial Mailing Decl., ¶18. The Notice, Postcard Notice, Summary Notice, and Settlement Website informed Settlement Class Members of the: (i) December 26, 2025, deadline to submit an objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses; (ii) December 19, 2025, deadline to request exclusion from the Settlement Class; and (iii) January 30, 2026, claim filing deadline.  *See id.*, ¶¶21-22, & Exs. A, B and E.

On December 12, 2025, fourteen (14) days prior to the objection deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.  The motions are supported by the declarations of Plaintiffs, Lead Counsel, and the Claims Administrator.  These papers are available on the public docket and on the Settlement Website.  *See* ECF Nos. 68-72; Suppl. Mailing Decl., at ¶8.

Following this extensive notice process, *not a single Settlement Class Member has objected* to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses.  Moreover, Epiq has received only one (1) request for exclusion, from an individual who purchased only four shares of Spirit stock and incurred an out-of-pocket loss of less than one dollar.  *See* Suppl. Mailing Decl., ¶11 & Ex. A.  The absence of any objections and the lone opt-out provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.  *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *id.* at *21 ("The absence

2

of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request.").[4]

For all the reasons set forth herein, and in the opening papers filed with the Court on December 12, 2025, Plaintiffs and their counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and reimbursement of Litigation Expenses.

## II.    ARGUMENT

### A.    The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement And Plan Of Allocation

"It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.*, 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) ("the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry."), *superseded on other grounds by Moses v. N.Y. Times Co.*, 79 F.4th 235, 243 (2d Cir. 2023). "If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *Wal-Mart*, 396 F.3d at 118.

Here, the lack of objections, and single request for exclusion, indicates a favorable response from the Settlement Class, providing strong evidence of the Settlement's fairness. *See, e.g.*, *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006) ("Lack of objection is strong evidence of the settlement's fairness."); *In re Global Crossing Sec. and ERISA Litig.*, 225

---

[4] Unless otherwise indicated, all internal quotations and citations are omitted.

3

F.R.D. 436, 458 (S.D.N.Y. 2004) ("The virtual absence of objections and opt-outs, in light of the large size of the plaintiff classes, and the scope and complexity of the settlement, constitutes a ringing endorsement of the settlement by class members."); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *7 (S.D.N.Y. Dec. 18, 2019) ("The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement. Thus, this factor strongly supports approval of the Settlement."); *In re Merrill Lynch & Co., Inc. Rsch. Reports Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) ("minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable").

The significant number of claim submissions by potential Settlement Class Members also indicates a positive reaction to the Settlement. While the claims filing deadline (January 30, 2026) is still weeks away—and, in the experience of Lead Counsel and the Claims Administrator, a significant number of claims typically are filed at or near the deadline—approximately 2,055 claims have already been submitted by potential Settlement Class Members seeking to participate in the Settlement.[5] *See* Suppl. Mailing Decl., ¶14.

The fact that no institutional investors objected or requested exclusion from the Settlement Class further underscores the reasonableness of the Settlement.[6] *See Signet Jewelers*, 2020 WL 4196468, at *6 ("the absence of objections by these sophisticated [institutional investor] class members is further evidence of the fairness of the Settlement."); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (that "not one of the objections or requests for exclusion

---

[5] Of the roughly 2,055 Claims it has received, Epiq has preliminarily determined that 714 are valid Claims, 1,300 are invalid, and 39 are acceptable in part. *See* Suppl. Mailing Decl., ¶14.

[6] According to Plaintiffs' consulting damages expert, over 365 institutions are known to have collectively held between 79.6 million and 96.8 million Spirit Aerosystems shares, or between 76% and 92% of the shares outstanding, for quarters ended during the Settlement Class Period.

was submitted by an institutional investor" supported the settlement); *see also Hill v. State St. Corp.*, 2015 WL 127728, at *8 (D. Mass. Jan. 8, 2015) ("The fact that no institutional investors have objected or requested exclusion also supports approval of the Settlement.").

In addition, there has not been a single objection to the Plan of Allocation. *See* Suppl. Mailing Decl., ¶12. This reaction supports approval of the Plan of Allocation. *See Sillerman*, 2019 WL 6889901, at *11 (conclusion that the proposed plan of allocation was fair and reasonable was supported by fact that "no objections have been received to the Plan of Allocation"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

## B. The Settlement Class's Reaction Supports Approval Of The Attorneys' Fee Motion

"Finally, numerous courts have noted that the lack of objection from members of the class is one of the most important factors in determining the reasonableness of a requested fee." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010). Thus, the absence of *any* objections to Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, including Plaintiffs' request for PSLRA awards in the aggregate amount of $10,000 ($5,000 to Lead Plaintiff and $2,500 to each of the additional named Plaintiffs) to compensate them for the time and effort they expended on behalf of the Settlement Class, supports a finding that the fee and expense request is fair and reasonable. *See, e.g., In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v.*

*Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought.  As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application."); *Sillerman*, 2019 WL 6889901, at *22 ("The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested.").[7]

* * *

In sum, the complete absence of objections—together with lone opt-out—strongly militates in favor of a finding that the Settlement is fair, reasonable, and adequate, that the proposed Plan of Allocation is fair and equitable, and that Lead Counsel's fee and expense application should be granted.

## III.    CONCLUSION

For the reasons set forth herein and in the previously-filed Final Approval Memorandum (ECF No. 69), the Fee and Expense Memorandum (ECF No. 71), and the Joint Declaration (ECF No. 72), Plaintiffs and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of 25% the Settlement Fund net of Litigation Expenses (or $7,260,914.63, plus interest at the same rate as the Settlement Fund), plus

---

[7] *See also Flag Telecom*, 2010 WL 4537550, at *27 (granting requests for PSLRA awards of $100,000 to one lead plaintiff, and $5,000 to the other, where "[n]o objections to these requests have been filed."); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) (granting awards to two class representatives of $55,000 each and to three class representatives of $35,000 each where there were no objections and noting "a differentiation among class representatives based upon the role each played may be proper in given circumstances."); *In re XL Fleet Corp. Sec. Litig.*, 2024 WL 1884483, at *2 (S.D.N.Y. April 30, 2024) (granting PSLRA awards of $25,000 to Lead Plaintiff and $15,000 to each of the other four named plaintiffs).

expenses in the amount of $146,341.45; and (iii) award $5,000 to Lead Plaintiff (Hang Li) and

$2,500 to each of the two additional named plaintiffs (Mike Drumright and Marco Amiotti) as

reimbursement for time spent representing the Settlement Class.[8]

Dated: January 9, 2026

**GLANCY PRONGAY & MURRAY LLP**

By: */s/ Garth Spencer*
Robert V. Prongay
Joseph D. Cohen (*pro hac vice*)
Garth Spencer (GS-7623)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
jcohen@glancylaw.com
gspencer@glancylaw.com

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer (*pro hac vice*)
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Lead Counsel for Plaintiffs and the Settlement Class*

---

[8] The Settlement is conditioned on the entry of the [Proposed] Judgment Approving Class Action Settlement. *See* Stipulation, ¶¶30-31(e); Ex. B. The [Proposed] Judgment Approving Class Action Settlement, along with [Proposed] Order Approving the Plan of Allocation and the [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses, are submitted concurrently herewith.

**BLOCK & LEVITON LLP**
Jeffrey C. Block  (JCB-0387)
Jacob Walker (*pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
jake@blockleviton.com

*Additional Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

By: */s/ Garth Spencer*
Garth Spencer