UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HANG LI, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>       v.<br><br>SPIRIT AEROSYSTEMS HOLDINGS, INC., TOM GENTILE III, and MARK J. SUCHINSKI,<br><br>                        Defendants. | Case No. 1:23-cv-03722-PAE |

### [PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Li v. Spirit AeroSystems Holdings, Inc., et al.*, Case No. 1:23-cv-03722-PAE (the "Action");

WHEREAS, (a) Court-appointed lead plaintiff Hang Li ("Lead Plaintiff") and named plaintiffs Mike Drumright and Marco Amiotti (collectively, with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Spirit AeroSystems Holdings, Inc. ("Spirit" or the "Company"), Tom Gentile III and Mark J. Suchinski (collectively, "Individual Defendants"; together with Spirit, "Defendants"; and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated August 4, 2025 (the "Stipulation"), that, subject to the approval of this Court, will fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein on the terms and conditions set forth in the Stipulation (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated September 4, 2025 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on January 16, 2026 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the

1

Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on August 8, 2025, including definitions of the terms used therein; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on December 12, 2025.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased the publicly-traded Class A common stock of Spirit AeroSystems Holdings, Inc. between April 8, 2020 and September 7, 2023, both dates inclusive, and who were damaged thereby. Excluded from the Settlement Class are: (a) Defendants, the officers and directors of Spirit at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest; (b) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Family; and (c) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (a) and (b) hereof.

Also excluded from the Settlement Class is the person listed on Exhibit 1 hereto who is excluded from the Settlement Class pursuant to a request that was accepted by this Court.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees from the Settlement Fund and reimbursement of Litigation Expenses from the Settlement Fund; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees from the Settlement Fund and reimbursement of Litigation Expenses from the Settlement Fund; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process Clause of the United States Constitution, and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.

(a) The Settlement was negotiated at arm's length by the Parties, all of whom were represented by highly experienced and skilled counsel. The Settlement was reached only after, among other things: (i) motion practice; (ii) a mediation conducted by former United States District Court Judge Layn R. Phillips, a highly experienced mediator of complex cases who was thoroughly familiar with this Action; (iii) the exchange of detailed mediation statements and exhibits, which addressed the issues of both liability and damages, prior to the mediation; (iv) follow-up negotiations between Plaintiffs and Defendants with the assistance of the mediator; (v) substantial discovery to enable Plaintiffs to further evaluate the fairness, reasonableness, and adequacy of the Parties' agreement in principle, including the production of over 59,000 pages of documents by or on behalf of Defendants and an interview of a senior Spirit executive responsible for quality issues with Plaintiffs' Counsel, and (vi) Plaintiffs' Counsel's extensive investigations. Accordingly, the Parties were well-positioned to evaluate the settlement value of this Action. The Stipulation has been entered into in good faith and is not collusive.

(b) If the Settlement had not been achieved, the Parties faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of the Parties' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

7. The Parties are directed to implement, perform and consummate the Settlement in

accordance with the terms and provisions contained in the Stipulation.

8.   The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.   **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The person listed on Exhibit 1 hereto is excluded from the Settlement Class pursuant to request and is not bound by the terms of the Stipulation or this Judgment.

10.  **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)   Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Plaintiffs and all the other members of the Settlement Class, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever released each and every Released Plaintiffs' Claim against the Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims. Moreover, without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Plaintiffs and all the other

5

members of the Settlement Class, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, covenanted not to sue any Released Defendants' Parties on the basis of any Released Plaintiffs' Claims. Additionally, without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Plaintiffs, on behalf of themselves only, shall be deemed to have, and by operation of law and of the judgment shall have, covenanted not to assist any third party in commencing or maintaining any suit related to any Released Plaintiffs' Claim, provided however, that nothing in this paragraph shall prevent Plaintiffs from responding to any subpoena or valid legal process subject to the confidentiality agreement entered into by the Parties. This Release shall not apply to any Excluded Claims (as that term is defined in paragraph 1(r) of the Stipulation).

        (b)    Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, and any person or entity that can assert claims on their behalf, in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever released each and every Released Defendants' Claim against Plaintiffs and the other Released Plaintiffs' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties. This Release shall not apply to the person listed on Exhibit 1 hereto.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal

Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or

proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees from the Settlement Fund and/or Litigation Expenses from the Settlement Fund by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees from the Settlement Fund and reimbursement of Litigation Expenses from the Settlement Fund. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement

that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of January 21, 2025, as provided in the Stipulation.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 16th day of January, 2026.

_____
THE HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

<u>**[List of Persons Excluded from the Settlement Class Pursuant to Request]**</u>

1. Roshan Patel